CHARLES P. DALY, Ch. J., concurred.

Judgment reversed, with costs.

---

CHARLES L. PICKETT, Appellant, *against* EDWARD B. BARTLETT *et al.*, Respondents.

(Decided June 1st, 1885).

A lease of certain premises for a term of one year at a fixed rent, contained a covenant by the lessees " to pay the rent for said term, and also for such further time " as they might hold the same. At the time of the execution of the lease, the premises were occupied by the lessees as a United States bonded warehouse, and continued to be so used by them during the term; the bonded goods contained in the warehouse being under the control of the United States and not removable without the consent of the collector of the port and the owner of the goods; by reason whereof the lessees were unable to have the bonded goods stored in the warehouse removed until nearly two months after the expiration of the term. Before the expiration of the term, however, the lessees gave notice to the lessors that they should surrender the premises in consequence of their untenantable condition, to which, the lessors said, they would urge no objection; and when the bonded goods were removed and the government locks taken off, the lessees put padlocks on the doors, the keys of which they left at a place previously designated for that

purpose by the lessors. *Held*, that the finding of a jury, upon this state of facts, that there was not a holding over by the lessees after the expiration of the term without the consent of the landlord, such as to make them liable for the rent for the following year, should be sustained.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Charles H. Knox*, for appellant.

*Wm. W. Goodrich*, for respondents.

CHARLES P. DALY, Chief Justice.—The question in this case was whether there was a holding over within the meaning of the rule that makes a tenant for a year holding over after the expiration of his term without the consent of the landlord, liable for the rent for the following year. The case was submitted to the jury substantially upon that point, although formally submitted by the judge as if it were a question of surrender. The jury found for the defendants and the finding was justified by the evidence. All the evidence objected to bore more or less materially upon that point, and there was no error in those parts of the judge's charge which were excepted to, nor in his refusal to charge the various propositions submitted to him by the plaintiff. The covenant in the lease, by which the defendants bound themselves to pay for such further time as they might *hold* the premises is material as showing that there was an understanding, at the time that the lease was executed, that the lessees might have to hold the stores beyond the year demised, and that they were to pay for such further time as they might so hold it.

At the time of the execution of the lease, the buildings were, or had been, since 1873, occupied and used by the defendants as United States bonded warehouses, and the stores were then occupied with bonded goods, for which

purpose the defendants continued to use them during the time for which they were demised; and this clause shows that it was evidently the understanding that during the term they were to be used as bonded warehouses; and that it might not be in the power of the defendants to surrender them precisely at any given time upon the expiration of the term, inasmuch as such a warehouse, as appears from the evidence, is under the lock and key of the United States, and the bonded goods contained in it are always under the control of the United States, and cannot be removed without the consent of the collector, and the owner of the goods; or in other words, as the respondents have expressed it in their points, the defendants, not being able to fix definitively when they could remove the bonded goods stored in the warehouse, had this clause inserted in the lease, providing that in the case of the emergency of their being unable to surrender the stores at the expiration of the year, they should pay such rent only for such further time as they might be compelled thus to hold them.

The year expired on the first day of November, 1881, and on the 20th of the October preceding, the defendants informed the landlords Morton and Hunt that they should surrender the stores in consequence of their untenantable condition; and on the 27th of October, they sent another letter to the landlords to ask who would take charge of the keys; and on October 29th, 1881, one of the landlords replied that if the defendants wished to relinquish the premises they, Morton and Hunt, would urge no objections, and that the defendants might leave the keys at the store of the American Tack Company, 116 Chambers street, adding, " notify us by telegraph on Monday what course you decide upon." And on October 31st, the defendants informed them by telegraph that they relinquished the premises. They were not relinquished, however, on the first of November, nor until the 23d of December, as bonded goods remained in them up to that time, under the lock and key of the United States government.

On November the first, the plaintiff, who subsequently

became the assignee of the rent claimed, came to the defendants' office from the trustees, who were the landlords, having a letter or telegram from them, requesting the defendants to deliver the keys to him. The defendants told him there were no keys except the government keys. The plaintiff said he wanted to take possession, as he wanted to put a watchman there for insurance purposes.

The defendants told him that there were some goods remaining in the bonded stores which they, the defendants, had to look after; to which he replied that he must place a watchman there for insurance purposes. Whereupon the defendants told him that their watchman, who was watching the Baltic store to the north, would watch the Baltic stores to the south (the premises in question) and the plaintiff said, " Very well, that will save me expense. I agree to that. When the goods are out let me know;" and ended by saying " That is very satisfactory."

On the 23d of December, the bonded goods were removed, the bonds being cancelled, the government locks were removed, the defendants put padlocks on the stores; and on the same day left the keys of the padlocks at the American Tack Company's office in Chambers street, which on the following day were returned. The action was not for the rent up to the 23d of December, nor for the first quarter's rent, but for the remaining three quarters of the year. The jury found upon this state of facts that there was not a holding over within the meaning of the rule referred to. I think they were justified in so finding (*Smith* v. *Alt*, 7 Daly 492), and that the judgment should be affirmed.

ALLEN, J., concurred.

Judgment affirmed.